ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Facsimile: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ<br><br>Plaintiff,<br><br>vs.<br><br>GRAND PETROLEUM, INC.; SALKHI PROPERTIES LLC; ALI SALKHI and SOURI MONFARED SALKHI, in their individual and representative capacity as trustees of the Ali Salkhi and Fatemeh Salkhi 1993 Revocable Family Trust Dated October 18, 199; and DOES 1 through 10, Inclusive,<br><br>Defendants. | **Case No.** 20-cv-575<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**1st CAUSE OF ACTION:** For Violation of the Americans with Disabilities Act – Title III 42 U.S.C. § 12101 *et seq.*<br>**2nd CAUSE OF ACTION**: For Violation of the Unruh Act and Disabled Persons Act (Civ. Code, §§ 51, 54, and 54.1 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

SHELBY GAIL HEIFETZ ("Plaintiff") by and through her attorneys of record, hereby brings this Complaint against GRAND PETROLEUM, INC.; SALKHI PROPERTIES LLC; ALI SALKHI and SOURI MONFARED SALKHI, in their individual and representative capacity as trustees of the Ali Salkhi and Fatemeh Salkhi 1993 Revocable Family Trust Dated October 18, 199; and DOES 1 through

10, Inclusive, (collectively, "Defendants") for violation of the Americans with Disabilities Act ("ADA") and supplemental California statutes.

**INTRODUCTION:**

1. SHELBY GAIL HEIFETZ, a visually impaired/legally blind person, brings this Complaint alleging that Defendants, the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as Grand Petroleum, located at/near 605 Contra Costa Blvd Concord, CA 94523 or of the building and/or buildings which constitute said public accommodation (hereinafter the "Gas Station") have failed to comply with their obligation under Title III of the ADA by failing to provide their goods and services to her on a full and equal basis. Plaintiff seeks injunctive relief to make the Gas Station readily accessible for herself and other visually impaired/legally blind individuals in compliance with Title III of the Americans with Disabilities Act ("ADA") and related state civil rights statutes.

2. Plaintiff alleges that Defendants have denied and continue to deny her the ability to use, enjoy, or benefit from the Gas Station in a full and equal manner by creating and/or maintaining architectural barriers at the Gas Station, and by utilizing discriminatory policies and practices.

3. Plaintiff alleges that Defendants have violated, and continue to violate, their obligations under Title III of the ADA and California laws - including Unruh Civil Rights Act [Civ. Code, § 51], and Disabled Persons Act [Civ. Code, § 54 *et seq.*].

**PARTIES:**

4. Plaintiff is, and at all times relevant herein was, a qualified individual with a physical disability. Plaintiff has been a visually impaired/legally blind individual since birth and is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. § 36.104 and Gov. Code, § 12926. Plaintiff has been legally blind since birth due to Rod-Cone Dystrophy. Plaintiff is able to read California grade 2 Braille signage. Plaintiff uses a white cane when ambulating and is unable to use portions of public facilities that are not accessible to disabled persons,

including those who are visually impaired/legally blind. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is and at all times relevant hereto was a resident of Pleasant Hill, California.

5. On information and belief, Defendants GRAND PETROLEUM, INC., a California corporation, d/b/a GRAND PETROLEUM, GRAND SALKHI PROPERTIES LLC; and DOES 1 through 10, Inclusive,, are, and at all relevant times were, the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the Gas Station.

6. Plaintiff is informed and believes that each of the named Defendants herein, including GRAND PETROLEUM, INC., a California corporation, d/b/a GRAND PETROLEUM, GRAND SALKHI PROPERTIES LLC are the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each other Defendant, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, Inclusive, are ascertained. References to "Defendants," unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

**JURISDICTION AND VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, but not limited to, violations of Civ. Code, §§ 51, 54, and 54.1.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

**INTRADISTRICT ASSIGNMENT:**

9. This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**FACTS:**

10. The Gas Station (including the walkways, bathroom(s), and paths of travel) is a "place of public accommodation" as defined under Title III of the ADA and California civil rights laws (Civ. Code, §§ 51, 54 *et seq.*). Plaintiff alleges that the Gas Station is not readily accessible to persons with disabilities in violation of their rights under the ADA and California civil rights laws and regulations. On information and belief, the Gas Station was modified after January 26, 1992, independently triggering access requirements under the ADA. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

11. On December 17, 2018 Plaintiff was out with her boyfriend and two roommates running errands when they stopped for gas at the Gas Station. Plaintiff also decided to take a quick trip to the restroom and grab snacks. This simple goal proved to be a daunting experience because of structural accessibility barriers at the Gas Station. Plaintiff did not encounter any truncated domes on her way through the parking lot, making it difficult for her to figure out where the front entrance door was located and also exposed her to unreasonable risk of harm. Upon entering inside of the Gas Station's food mart, Plaintiff nearly tripped over a doormat as she struggled with the door and her cane. After purchasing numerous sweets, Plaintiff decided to make her way to the restroom. Unable to find the restroom, Plaintiff asked the man working at the desk for assistance. It turned out that not only did the

restroom require a key, but it was outside and around the corner. Plaintiff had difficulties identifying restroom as there was no braille signage next to the door. After wrestling with the key, Plaintiff struggled to pry open the extremely heavy door. Leaving the restroom, Plaintiff had to use her shoulder to shave the door back open. The door was not just heavy, but also old and getting stuck. Plaintiff suffered difficulties, discomfort, discomfort, and embarrassment as a result and was extremely frustrated and upset as a result of the aforementioned conditions standing in the way of her independence.

12. Plaintiff would like to use goods, services, facilities, privileges, advantages, or accommodations offered by the Gas Station to the same extent as the general public but has been deterred on multiped separate occasions from returning due to the access barriers that exist. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, resulting in ongoing and irreparable injury.

13. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Gas Station. While he could not make detailed measurements, he determined that the Gas Station was also inaccessible in multiple other ways, including, but not limited to, the following: (1) No Path from public right of way; (2) No Tow away sign; (3) No directional signage; (4) Heavy front door; (5) Fast closing front door; (6) No exit sign with braille; (7) Bathroom door lock hard to operate when holding a cane; and (8) Bathroom door fast closing.

14. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, *Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101** *et seq.***)**

**(Against All Defendants and each of them)**

15. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 14 of this Complaint, and incorporates them herein as if separately repled.

16. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities." During congressional hearings for the ADA, Congress stated that its purpose was "to provide a clear and comprehensive national mandate...to provide clear, strong, consistent, enforceable standards," and to address the "major areas of discrimination faced day-to-day by people with disabilities." [42 U.S.C. § 12101(b)] Plaintiff is a person that Congress sought to protect with enforceable standards to redress discrimination and require that Defendants' facilities be made "accessible to and usable by persons with disabilities." [42 U.S.C. § 12188(a)(2)]

17. As part of the ADA, Congress passed Title III of the ADA to prohibit discrimination by public accommodations on the basis of disability [42 U.S.C. § 12181 *et seq.*], and mandate that the goods, services, facilities, privileges, advantages, and accommodations of public accommodations be afforded to individuals with disabilities in the most integrated settings possible. [42 U.S.C. § 12182(b)(1)(B)]

18. On information and belief, Defendants are the owners and lessors of the subject property and required parties for injunctive relief.

19. "Public accommodations" for purposes of this title, include "…gas station…or other service establishment." [42 U.S.C. § 12181(7)(F)]. Accordingly, The Gas Station is a place of public accommodation under the ADA.

20. Title III applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." [42 U.S.C. § 12182(a)] Defendants own, lease (or lease to) and/or operates a place of public accommodation.

21. Under Title III, illegal discrimination is defined to include:

    A. "a failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;

    B. a "failure to remove architectural barriers... that are structural in nature, in existing facilities... where such removal is readily achievable;"

22. Title III also makes it discriminatory to:

    A. "subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity;"

    B. "afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals;" and

    C. "provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others"

[42 U.S.C. §§ 12182(b)(1)(A)(i), (ii) and (iii)]

23. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under Title III of the ADA and the regulations promulgated under 28 C.F.R. Part 36.

24. On information and belief, Defendants have made alterations or renovations to the Gas Station since January 26, 1992, yet failed to ensure that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including Plaintiff and other individuals who are visually impaired/legally blind [42 U.S.C. § 12183(a)(2)]

25. On information and belief, Defendants have also failed to comply with their ongoing obligation to remove existing accessibility barriers. The removal of said barriers is, and was at all times herein mentioned "readily achievable" under the standards of the ADA and California law. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

26. Pursuant to Title III of the ADA [42 U.S.C. § 12188], Plaintiffs are entitled to the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)], as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title. On information and belief, Defendants have continued to violate the law and deny Plaintiff's rights and the rights of other individuals who are disabled, to equal access and use of the Gas Station during the two years preceding the filing of this Complaint. Pursuant to 42 U.S.C. § 12188(a)(2): "In the case of violations of sections 302(b)(2)(A)(iv) [42 U.S.C. § 12182(b)(2)(A)(iv)] and section 303(a) [42 U.S.C. § 12183(a)], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title... injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title."

30. Plaintiff seeks relief pursuant to remedies set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)] and pursuant to Federal Regulations adopted to implement the ADA, including, but not limited to, an order granting injunctive relief and attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205. Plaintiff is a qualified individual with disabilities for purposes of the ADA, who was, and continues to be, subjected to discrimination on the basis of disability in violation of Title III, and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to visit or use the Gas Station.

**SECOND CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION (Civ. Code, §§ 51, 54, and 54.1 *et seq.*)**

**(Against All Defendants and each of them)**

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 26 of this Complaint, and incorporate them herein as if separately repled.

28. As a result of the denial of equal access to the Gas Station, due to the acts and omissions of

Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff suffered a violation of her civil rights including, but not limited to, rights under Civ. Code, §§ 51, 54, 54.1, and 54.3, and embarrassment and humiliation, statutory damages, and general damages. Defendants' acts and omissions constituted discrimination against Plaintiff on the basis that she is physically disabled and unable, because of the architectural barriers and discriminatory policies established by Defendants in violation of the subject laws, to use the Gas Station on a "full and equal" basis as other persons. Plaintiff seeks trebling of all actual damages, general and special, as provided by Civ. Code, § 52 and 54.3.

29. The lack of proper access features as pled herein prevents Plaintiff from full and equal use of the premises and thus continues to discriminate against her and deny her "full and equal access" since her visit within the two years preceding the filing of this Complaint and until such time as Defendants remove barriers to access at the Gas Station and stop their discriminatory policies. Further, any violation of the ADA (as pled in the First Cause of Action hereinabove, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of Civ. Code, §§ 51, 54(c), and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including, but not limited to, Civ. Code, § 52,

30. Plaintiff has been damaged by Defendants' wrongful conduct and seek the relief that is afforded by Civ. Code, §§ 52, 54, 54.1, and 54.3. Plaintiff seeks actual damages, general and special damages, statutory damages, treble damages, and preliminary and injunctive relief under the Unruh Act to enjoin and eliminate the access barriers and Defendants' discriminatory practices respecting denial of equal access for disabled persons and for reasonable attorneys' fees, litigation expenses and costs.

31. *Request for Injunctive Relief Under the Unruh Act:* The acts and omissions of Defendants as complained of herein are continuing to have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including persons who are visually impaired/legally blind, from full and equal access to the Gas Station. Such acts and omissions are the cause of humiliation of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities.

Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

32. Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing discriminatory policies excluding disabled persons from patronizing the Gas Station and to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons in places of public accommodation and modification of policies and procedures. Such injunctive relief is provided by Civ. Code, § 52. Plaintiff further requests that the court award general, compensatory, and statutory damages, costs, litigation expenses, and attorneys' fees to Plaintiffs pursuant to Civ. Code, § 52 and Code Civ. Proc., § 1021.5, all as hereinafter prayed for.

33. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and attorneys' fees, as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the laws protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees and costs, pursuant to the provisions of Civ. Code, § 52. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make their public facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of Code Civ. Proc., § 1021.5.

### DEMAND FOR JUDGMENT FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to mobility impaired persons and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and

equal access, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5 Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

6. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291; and

7. Grant such other and further relief as this Court may deem just and proper.

Dated: January 26, 2020         /s/ Irene Karbelashvili
                                Irene Karbelashvili, Attorney for
                                Plaintiff SHELBY GAIL HEIFETZ

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 26, 2020         /s/ Irene Karbelashvili
                                Irene Karbelashvili, Attorney for
                                Plaintiff SHELBY GAIL HEIFETZ